# Radnor Township, Appellant, *v.* Philadelphia & Western Railroad.

# Haverford Township, Appellant, *v.* Philadelphia & Western Railroad.

# Haverford Township *v.* Philadelphia & Western Railroad, Appellant.

*Railroads—Highways—Bridges—Equity—Injunction.*

The court below having enjoined a railroad by preliminary injunction, first, from the erection of abutments for bridges within the limits of a highway, where it is reasonably practicable to build a bridge spanning the entire highway, and, secondly, having refused to enjoin the construction of a bridge and approaches thereto of the width of merely twenty feet where a highway of the legal width of thirty-three feet has, by reason of the peculiarities of the country, only been opened to the width of twenty-feet, the Supreme Court declined to consider the merits until final hearing.

Argued Feb. 7, 1906. Appeals, Nos. 326 and 371, Jan. T., 1905, and No. 20, Jan. T., 1906, from decrees of C. P. Del. Co., June T., 1905, Nos. 309, 326 and 340, awarding and refus-

ing to award preliminary injunctions in cases of Radnor Township and Haverford Township v. Philadelphia & Western Railroad Company.     Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ.     Affirmed.

Bill in equity for an injunction.

In case of Haverford Township v. Philadelphia & Western Railroad Company JOHNSON, P. J., filed the following opinion:

The defendant is a railroad company and has laid out its road through the township of Haverford, above named plaintiff.

The bill alleges that said railroad crosses eight public roads, viz.: Line road, Lathrop's road, road at Dickinson's Mill, Wynnewood avenue, Ardmore avenue, College avenue and Coopertown road, and Cobb's Creek road, the first of which is partly in the township of Haverford, and partly in the township of Upper Darby.

That it is proposed to construct said railroad above grade over Lathrop's road, Dickinson Mill road and Coopertown road, and to cross the other road and avenues named under grade, under the highways.

That in the crossings at Lathrop's road, Dickinson Mill road, and Coopertown road, it is proposed to build abutments in the line of the highways.

That in the crossings of the highways below grade it is proposed by the defendant to construct the bridges over the railroad and the approaches thereto at a less width than the highways, none of which are less in width than thirty-three feet.

The bill further alleges that the grade of this proposed approach to the bridge crossing over the railroad is excessive, that other grades proposed are unnecessary and illegal.

It further alleges that the defendant has no right to construct abutments in the public highway or to construct bridges or approaches to bridges on the railroad of less width than the width at which the highways were laid out, and asks the court to enjoin the defendant from constructing its road as it is alleged it proposes to do.

Upon the filing of this bill, a rule to show cause why a preliminary injunction should not issue, was granted.

On the hearing the defendant filed an answer admitting that it intended to construct its road substantially in the manner alleged in the bill.

On the hearing of the rule, considerable testimony was taken.

First as to points where it is proposed to erect abutments in the highway—that is, where the railroad crosses over the highway.

Whether under any circumstances, a railroad company in crossing over a highway may erect its abutments in the line of the road, as ascertained by the court of quarter sessions or other authority, when the road was laid out, is an interesting question, which, under the circumstance of the case, it is not necessary to decide. The evidence taken shows that it is reasonably practicable to build a bridge spanning the entire roadway.

As to points where it is proposed to construct the highway over the railroad:

There is very great force in the position of the plaintiff that the railroad company should not be permitted to permanently narrow the highway, but it is a fact that though these roads are laid out thirty-three feet wide and upwards, that because of the hilly character of the country through which they run, it is impracticable because of necessary cuts and fills to open the full width for travel, and at hardly any point have they a traveled way greater than twenty feet, and at many places much less. And that on one road, a short distance from the railroad crossing, the bridge over Cobb's Creek is less than sixteen feet in width. There is no evidence that the traveled way as maintained is not practically sufficient to accommodate all the public travel.

In view of these facts and circumstances, we do not think that the case of the plaintiff is so clear as to warrant us in continuing a preliminary injunction by requiring the railroad company to do that which the plaintiff itself has never done, and which, if it is to be judged by its acts, it has not considered necessary to be done.

If in the construction of the approaches to the bridges, and the bridges themselves the defendant conforms to the manner in which the plaintiff has maintained its roads as to width, safety and convenience, a preliminary injunction should not issue, or, if issued, should be dissolved until final hearing; or

if this case is not pursued to final hearing, until by some future or further proceeding it is shown that the public necessity, or for some other legal reason requires that the traveled way should be widened to the full legal width of the highway.

What has been said about the width of the highway applies to the proposed grades of approaches.

The injunction as to the erection of abutments in the highways, is granted.

As to width of bridges, and roadway of approaches to bridges, and character of protection to approaches, and clearances except the clearance of Lathrop's road, is refused.

The present construction of width of roadway and approaches to be not less than twenty feet.

A similar decree was entered in the case of Radnor Township v. Philadelphia & Western Railroad.

*Errors assigned* were the decrees of the court.

*John B. Hannum*, with him *Charles F. DaCosta*, for Radnor township.

*E. H. Hall*, for Haverford township.

*George T. Butler* and *Charles L. McKeehan*, with them *Joseph S. Clark*, for the Philadelphia & Western Railroad Company.

PER CURIAM, March 5, 1906:

These cases involve possibly conflicting rights which can only be safely adjudicated on full development of the facts upon final hearing. We therefore follow the usual rule and express no opinion on the merits.

The appeals are dismissed at the costs of appellants, but without prejudice.